FILED
SUPERIOR COURT
OF GUAM

2022 JAN 12 PM 4: 35

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, )        CRIMINAL CASE NO. CF0162-21
                    )
        Plaintiff,   )
                    )
    vs.              )        DECISION & ORDER DENYING
                    )        MOTION TO REDUCE FELONY
THANO JAMES FULLER, aka Dhano Fuller, )   FAMILY VIOLENCE CHARGE
aka Dhano James Fuller, )        TO A MISDEMEANOR
DOB: 10/18/1999      )
                    )
        Defendant.   )
_____)

## I.    INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on October 6, 2021, for a hearing on the Defendant's Motion to Reduce the Family Violence Charge (the "Motion"). The Defendant Thano James Fuller ("Defendant" or "Fuller") was represented by Attorney William Pole. The People of Guam (the "People") were represented by Assistant Attorney General Renaida San Nicolas. The Court ordered the Parties to submit additional information to the Court and upon receipt of the submission, the Court took the matter under advisement on October 15, 2021, pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam.

After reviewing the Parties' written briefs, the record on file with the court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the Court now issues this Decision and Order DENYING Defendant's Motion to Reduce Family Violence Charge.

## II.    **Background**

Defendant was charged via Indictment on April 2, 2021, of the charges of Burglary (as a 2nd Degree Felony) (with the Notice: Commission of a Felony while on Felony Release); Strangulation (As a 3rd Degree Felony); Family Violence (As a 3rd Degree Felony); and Interfering with the Reporting of Family Violence (As a 3rd Degree Felony). The First Charge of Burglary was dismissed on July 28, 2021, because the People charged Fuller with the offense in a separate case, Criminal Case No. CF0171-21. *See* Order for Dismissal of First Charge (July 28, 2021). The People were ordered to file an Amended Indictment in this case reflecting the dismissal of the Burglary charge, but proceeding on the Strangulation, Family Violence and Interfering with the Reporting of Family Violence felony charges.

The charges are based on events that allegedly took place on March 19, 2021 in which the Victim, Laura M. Lindberry *fna* Lauren M. Sillem (the "Victim") identified her boyfriend Fuller as a suspect in the burglary of RK Plaza. When the Victim identified the Defendant for the burglary charge, she also lodged a family violence complaint against Defendant, which she alleged occurred on March 19, 2021. *Decl. To Mag. Compl.* The family violence complaint alleged that the Defendant got angry with the Victim about a TikTok video she made, and while under the influence of alcohol, jumped on top of the Victim and placed both hands around the Victim's neck causing the Victim to have difficulty breathing. *See*, Mag. Compl. p. 4. (Mar. 26, 2021). A third-party intervened and stopped the altercation; however, the Defendant allegedly proceeded to threaten to kill the Victim with a kitchen knife and to prevent her from calling the police. *Id*. Defendant is alleged to have broken Victim's cell phone in the process. *Id*.

On August 2, 2021, the Defendant filed the instant Motion, requesting that the Court exercise its discretion under 9 GCA § 30.20(b) to reduce the felony family violence charge to a

misdemeanor. In support of his Motion, Defendant submitted an Affidavit from the Victim in which she expresses her desire that the case be dropped or dismissed or for Defendant to be charged with only misdemeanors and not go to jail. In the Affidavit, filed on August 2, 2021, the Victim states as follows:

2. …On March 29, 2021 I went to the Office of the Attorney General and asked that all charges be dropped. I still want the charges dropped.
3. That I explained to the Office of the Attorney General that Thano is the greatest man I have ever met.
4. I explained that he did not hit or strike me.
5. That I would like the Court to life the no contact provisions and allow Thano Fuller out of jail.
6. I ask that this case be dismissed.

*Affidavit of Laura Lindberry* at ¶¶ 2-6 (Aug. 2, 2021). Additionally, the Victim stated: "That if this case is not dismissed that I would ask the charges be dropped to a Misdemeanor." *Id.* ¶ 9.

The People filed an Opposition to the Defendant's Motion on August 16, 2021 arguing that retention of the 3rd Degree Felony charge is warranted in this case based on Defendant's criminal history and the severity of the charges in this case. Defendant filed a Reply on August 18, 2021.

## III.   DISCUSSION

### A. The Court has the authority to reduce Family Violence as a Third Degree Felony to a Misdemeanor by considering factors set forth in 9 GCA § 30.20(c).

Under 9 GCA § 30.20(b) the Court has the discretion to reduce a family violence charge from a Third Degree Felony to a Misdemeanor upon Defendant's written, noticed motion prior to commencement of trial. *People v. Perez,* 1999 Guam 2 ("In the exercise of its discretion [under the Family Violence Act], the court is permitted to entertain such a motion and is statutorily required to consider the list of seven factors in its determination of the

appropriateness of a felony charge of Family Violence.")(footnotes omitted). The court's discretion is only limited when the family violence charge is the defendant's third offense and the charge for 3rd Degree Family Violence is brought under 9 GCA § 30.20(a)(3). Although Fuller has several serious felony convictions, the Defendant has no prior family violence convictions; thus, the prohibition under 30.20(a)(3) does not apply to preclude him from the benefit of a reduced charge.[1] As such, the Court must engage in close scrutiny under the relevant factors to determine whether, pursuant to the statute or other compelling law, the Court should exercise its discretion under 9 GCA § 30.20(b) and grant the motion to reduce the family violence felony charge to a misdemeanor.

Pursuant to *Perez,* the Court considers the following factors under 9 GCA § 30.20(c):

(1) the extent or seriousness of the victim's injuries;
(2) the defendant's history of violence against the same victim whether charged or uncharged;
(3) the use of a gun or other weapon by the defendant;
(4) the defendant's prior criminal history;
(5) the victim's attitude and conduct regarding the incident;
(6) the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
(7) the defendant's history of and amenability to counseling.

**B. Analysis of the 9 GCA § 30.20(c) Factors.**

1.  <u>**The Extent or Seriousness of the Victim's Injuries**</u>: The Declaration filed along with the Magistrate's Complaint in this case does not indicate that the Victim sustained any injuries. *See* Mag. Compl. p. 4 (Mar. 26, 2021). The Magistrate's Complaint alleges that

---

[1] The Court may take judicial notice pursuant to Rule 201 of the Guam Rules of Evidence of the Defendant's prior family violence case, Superior Court of Guam Criminal Case No. CF0562-18, in which the Defendant was indicted for Family Violence (as a Misdemeanor), among other charges. This case was dismissed (but not expunged) pursuant to the terms of a Deferred Plea Agreement in Superior Court of Guam Criminal Case No. CF0058-18. See *Deferred Plea Agreement* in CF0058-18 at ¶ 9(f)("The People agree to dismiss Superior Court of Guam Criminal Case No. CF0562-18 in its entirety").

the Defendant was straddling the victim with both hands around her neck, but due to a third party intervening, the Victim was able to get away. *Id.* Bodily injury is defined under 9 GCA § 16.10(b) as "physical pain, illness, unconsciousness or any impairment of the physical condition." Bodily injury as defined here is different from serious bodily injury. Serious bodily injury is as defined by 9 GCA § 16.10(c) as bodily injury that creates "serious permanent disfigurement, substantial risk of death or serious permanent disfigurement, severe or intense physical pain, or protracted loss or impairment of consciousness or the function of any bodily member or organ." Neither of these descriptions applies here. The Victim has also stated in her Affidavit (contrary to her previous statements to police) that the Defendant did not hit or strike her during the alleged altercation. Affidavit of Laura Lindberry ¶ 4 (August 2, 2021). Because no specific injuries have been allegedthis factor weighs **in favor** of granting the Defendant's motion to reduce.

**2.      The Defendant's History of Violence against the Same Victim**: Nothing has been proffered by the People establishing that the Defendant has a history of violence against the same named victim in this case and the Defendant argues that none exist. This factor weighs **in favor** of granting the motion.

**3.      Use of a Gun or Other Weapon**: The Defendant has not been charged with using a deadly weapon in this case. However, both the Declaration accompanying the Magistrate's Complaint and the People's Opposition indicate that the Defendant allegedly threatened the Victim with a kitchen knife in order to prevent her from reporting the altercation to the police. The Court finds that the kitchen knife is a "weapon" as contemplated by 9 GCA § 30.20(c). The Court finds that this instrument also falls within the definition of "deadly weapon" under 9 GCA § 16.10(d)(A "deadly weapon" is defined as a "firearm, or other

weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to the defendant to be capable of producing death or serious bodily injury."). It is noteworthy, however, that the People have not charged Defendant with any special allegation of "Possession or Use of A Deadly Weapon in the Commission of a Felony."

The Court determines that, based upon the allegations in the Magistrate's Complaint, the People's Opposition to Defendant's motion and the Victim's Statements (filed under Seal on October 19, 2021), the Defendant allegedly used a knife to threaten the Victim and prevent her from calling the police. Specifically, the Magistrate's Complaint alleges that the Victim ran away from the Defendant and tried to call the police. The Defendant caught up with her and threw her phone to the ground, breaking it, and at which point the Defendant allegedly told the Victim that if she tried to leave him that he would kill her. It is further alleged that the Defendant had a kitchen knife in his hands when he and the Victim heard the police arrive, the Defendant then purportedly told the Victim that if she said or did anything the Defendant would stab her. The Defendant then allegedly placed the knife behind the Victim and stuffed it into the couch to hide it. *see,* Mag. Compl. p. 4; Victim's Statement. Based upon these submissions on the record, the Court finds that the allegations that Defendant threatened the Victim with a kitchen knife weighs **against** granting the motion.

4. **The Defendant's Prior Criminal History**: The Defendant has the following active criminal cases in addition to the instant matter:

- CF0058-18: The Defendant is currently on probation in this case pursuant to a Judgment of Conviction issued on October 21, 2021, convicting him of Burglary (as a 2nd Degree Felony) and Burglary to a Motor Vehicle (as a 2nd Degree

Felony). *Judgment of Conviction* (Oct. 21, 2021); *Deferred Plea* (Dec. 14, 2018); *Order After Hearing* (Deferred Plea)(Dec. 14, 2018). After the Defendant failed to comply with the provisions of the 2018 Deferred Plea, the court entered his GUILTY pleas to the offenses and sentenced Defendant to FIVE (5) years of incarceration, with all but forty-five (45) days suspended.

- CF0150-20: On November 24, 2021, Defendant entered a GUILTY plea to Theft (As a 3rd Degree Felony), as a lesser included offense of the Second Charge of Theft (As a 2nd Degree Felony), and the Third Charge of Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony). *Judgment of Conviction* (Dec. 30, 2021). He is now under the supervision of the Adult Drug Court II, over which this Court presides. *Notice of Judge Assignment* (Jan. 5, 2021).

- CF0171-21: On April 9, 2021, Defendant was charged with Burglary (As a 2nd Degree Felony), Theft (As a 2nd Degree Felony)(Two Counts), Conspiracy to Commit Burglary (As a 2nd Degree Felony) and Conspiracy to Commit Theft (As a 2nd Degree Felony). CF0171-21 contains the Burglary charge against Defendant that was previously dismissed from the instant matter. This matter is still pre-trial and new trial dates have not been issued.

The People argue that the Defendant's criminal history warrants denial of the motion. Opp. p. 3 (Aug. 16, 2021). The Court considers the entry of Defendant's GUILTY plea in CF0058-18 due to his failure to comply with the conditions of the Deferred Plea Agreement to be a significant factor which is indicative of Defendant's potential for future compliance with treatment as

might be required under conditions of a Misdemeanor Family Violence charge. The Court considers this factor to weigh **against** granting Defendant's Motion.

5.     <u>The Victim's Attitude and Conduct regarding the Incident</u>: The named Victim in this case has filed an Affidavit in support of Defendant's Motion to Reduce and expressed a desire for the charges to be dismissed altogether. Lindberry Affidavit ¶ 2 (Aug. 2, 2021). The Victim states that the Defendant did not hit or strike her. *Id.* ¶ 4. Further, the Victim requested that she would like the no contact lifted and the Defendant to be released. *Id.* ¶ 5. She requests that if the case cannot be dismissed that the Defendant be given the lowest sentence possible. *Id.* ¶ 7. Finally, the Victim requests that the Defendant receive any help he needs for substance abuse problems. *Id.* ¶ 12. The Victim's August 2021 Affidavit, however, is markedly different from the Victim's statements to GPD made on March 25, 2021, a few days after the incident. These statements to GPD were provided by the People in opposition to the Motion. Her statements to GPD report incidences of family violence which directly contradict her August 2021 affidavit statement that the Defendant did not hit her. However, because the Court was unable to question the Victim about these drastic differences during the hearing on the Motion because the Defendant did not call her or any other witness to testify, the Court considers this factor to weigh **neither in favor nor against** the Defendant.

6.     <u>The Involvement of Alcohol or Other Substance/History of Substance Use and the Defendant's History of Substance Abuse as Reflected in the Defendant's Criminal History and other Sources</u>: The Declaration to the Magistrate's Complaint indicates that the Defendant was possibly under the influence of alcohol when he engaged in the conduct which led to the family violence and other charges. Specifically, the Magistrate's Complaint alleges that the Victim made a statement to the effect of being afraid of the Defendant due to him being

"under the influence of alcohol." Mag.Compl. p. 4. Additionally, the Victim's Affidavit indicates that the Defendant may need help for possible substance abuse problems. Lindberry Affidavit at ¶ 12. Moreover, the Defendant has an active case in the ADULT DRUG COURT II (ADCII) which is evidence of substance use, based upon the eligibility requirements of ADCII.

The Court notes that Defendant is required to engage in treatment pursuant to the terms of his Plea Agreement in CF0151-20 and is subject to a high level of supervision in the Adult Drug Court II, over which this Court presides. However, in CF0058-18 and CF0150-20, both of which pre-date the events of March 19, 2021, which form the subject of the Indictment in this case, the Defendant was prohibited from "possess[ing] or consum[ing] any alcoholic beverages, any illegal drugs, controlled substances or intoxicants" and, in CF0058-18, he was required to "attend and successfully complete courses of treatment for: … Substance abuse." *Deferred Plea Agreement* at ¶¶ 9(vi) and (xvii). As discussed more fully, below, the Defendant failed to comply with and complete the requirements under the Deferred Plea in CF0058-18, resulting in the entry of his GUILTY pleas and his conviction in that case.

Consequently, a consideration of this factor as well as the Defendant's failure to engage in treatment in an earlier case as ordered as well as to comply with a "no consumption" order, evidences to the Court that the Defendant is not a good candidate for a misdemeanor family violence charge. This factor weighs **against** granting Defendant's Motion.

7.     **The Defendant's History of and Amenability to Counseling**: As discussed above, the Defendant was previously ordered to complete courses of treatment for substance abuse as a part of his Deferred Plea Agreement in CF0058-18 with his probation officer's approval, and if necessary, treatment at Guam Behavioral Health and Wellness Center. The Defendant failed to appear for his intake and processing at Client Services and Family

Counseling in accordance with the requirements of that case on January 4, 2021, and failed to report to Guam Behavioral Health and Wellness Center for drug and alcohol assessment or treatment. During the hearing on the Defendant's Motion, the Defendant admitted that he has not undergone any prior counseling for substance abuse. Hrg. Min. 2:24:54PM (Oct. 6, 2021). Although the Defendant is subject to treatment in CF0150-20 and still subject to treatment in CF0058-18, the Court is wary of the Defendant's claims of amenability to counseling in this case, given his history of failing to report for an intake and assessment, much less to engage in treatment. As such, consideration of this factor weighs **against** granting the Motion to Reduce.

## IV. CONCLUSION

Although the Victim claims not to have sustained any bodily injury and has expressed a desire for the Defendant to be charged with the lowest offense if the matter is not to be dismissed, the Court cannot reconcile the statements contained in her August 2021 Affidavit – made a significant time after the incident in March 19, 2021 – with her Statements made on March 25, 2021, shortly after the incident. Moreover, the Court considers the Defendant's criminal history and his failures in his several cases to comply with court-ordered abstention from drugs and alcohol as well as treatment mandates to weigh heavily against reducing the offense to a misdemeanor.

Finally, although it is not a specific factor for the Court to consider in deciding whether to exercise its discretion in this instance, the Court finds that the other charges levied against the Defendant in this Indictment, specifically: Strangulation (As a 3rd Degree Felony) and Interfering with the Reporting of Family Violence (As a 3rd Degree Felony) are serious felony offenses which necessarily drive whether the Family Violence charge should be reduced to a misdemeanor. All charges arise out of the same set of facts and the Court will not disregard the

context in which the People elected to charge the Defendant with a third degree felony rather than a misdemeanor, when the statute provides a choice. As such, the Court will not disturb the People's decision to charge the Defendant, under these circumstances, with a felony rather than a misdemeanor crime.[2]

For these reasons, the Court DENIES the Defendant's Motion to Reduce the Family Violence Charge to a Misdemeanor.

**SO ORDERED** this _____ **JAN 1 2 2022** _____.

**HONORABLE MARIA T. CENZON**
**JUDGE, SUPERIOR COURT OF GUAM**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG & W. POLE

JAN 1 2 2022 4:55pm
Date          Time
**Cynthia T. Tiong**
Deputy Clerk, Superior Court of Guam

---

[2] The Court's decision not to disturb the People's decision to charge the Family Violence offense as a 3rd Degree Felony, rather than a misdemeanor, is consistent with its judicial function. *See Perez* at ¶ 18 ("When the decision to prosecute has been made, the process which leads to acquittal or sentencing is fundamentally judicial in nature, or, to state it in another way, when the jurisdiction of the court has been properly involked by the filing of a criminal charge, the disposition of that charge becomes a judicial responsibility.")(citing *State v. Jones,* 689 P. 2d 561, 564).